UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: | Bankruptcy No. 13-30640 |
| Grayson Lee Hoberg, | Chapter 7 |
|     Debtor. | |
| _____/ | |
| Grayson Lee Hoberg, | |
|     Plaintiff, | |
| vs. | Adversary No. 14-07016 |
| State of North Dakota, by and through North Dakota Work Force Safety and Insurance, | |
|     Defendant. | |
| _____/ | |

**MEMORANDUM AND ORDER**

Debtor/Plaintiff Grayson Lee Hoberg brought this adversary proceeding by Complaint filed on September 30, 2014. Debtor seeks a determination that a debt to Defendant State of North Dakota, by and through North Dakota Work Force Safety and Insurance (WSI), was discharged in Debtor's Chapter 7 bankruptcy case. Defendant filed an Answer on October 30, 2014, denying Debtor's allegations and seeking dismissal of the Complaint and a judgment that the debt is nondischargeable.

The case is before the Court on competing motions for summary judgment. WSI filed its Motion for Summary Judgment on May 28, 2015, and Debtor filed his Motion for Summary Judgment on June 1, 2015. For the reasons that follow, WSI's motion is granted, and Debtor's motion is denied.

1

## I. FACTUAL BACKGROUND

The material facts in this case are not in dispute. From approximately December 2003 until September 2013, Debtor was the chief executive officer and secretary/treasurer of Earth Harvest Mills, Inc. On March 16, 2011, WSI sent Debtor notice of his personal liability for unpaid workers' compensation insurance premiums, interest and penalties in the sum of $31,855.48. The notification states that Debtor's personal liability is based on Debtor's position as an officer of Earth Harvest Mills under N.D.C.C. § 65-04-26.1. According to Debtor's affidavit, the underlying debt relates to policy periods from October 1, 2010, through September 30, 2013.

Debtor filed a Chapter 7 bankruptcy petition on September 30, 2013. Debtor listed the debt to WSI as an unsecured nonpriority claim in the sum of $30,000.00. On January 15, 2014, the Court entered an order granting Debtor a discharge under 11 U.S.C. § 727.

Debtor filed a Complaint on September 30, 2014, seeking a determination that the debt to WSI was discharged in Debtor's Chapter 7 bankruptcy case. Defendant filed Answer on October 30, 2014, seeking dismissal of the Complaint and a judgment that the debt is nondischargeable.

On May 28, 2015, WSI filed a motion seeking summary judgment in its favor. Specifically, it alleges the debt owed by Debtor is a nondischargeable tax under 11 U.S.C. § 523(a)(1)(A) as specified in 11 U.S.C. § 507(a)(8)(E).

Debtor filed his motion for summary judgment on June 1, 2015. He alleges WSI's claim was discharged in his Chapter 7 bankruptcy case because he is not principally liable for the taxes. Debtor asserts that this distinction renders 11 U.S.C. §§ 507(a)(8)(E) and 523(a)(1) inapplicable. Alternatively, he argues that if the debt to

2

WSI is nondischargeable under section 523(a)(1), that the majority of the claim was discharged because it predated his bankruptcy filing by more than three years.

## II.   CONCLUSIONS OF LAW

### A.   Summary Judgment Standard

Summary judgment is appropriate when there is no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial responsibility of identifying pleadings, discovery, testimony and other evidence which it believes demonstrate "the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 324. The moving party satisfies this burden by showing "an absence of evidence to support the nonmoving party's case." Id. at 325. When the moving party has met its burden, the nonmoving party must then "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (citing Fed. R. Civ. P. 56). The Court views the record in the light most favorable to the nonmoving party and must afford that party all reasonable inferences. Blocker v. Patch (In re Patch), 526 F.3d 1176, 1180 (8th Cir. 2008) (citing Liberty Lobby, Inc., 477 U.S. at 252; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).

### B.    11 U.S.C. § 523

A bankruptcy discharge "does not discharge an individual debtor from any debt . . . for a tax or a customs duty . . . of the kind and for the periods specified in section . . . 507(a)(8) of this title[.]"  11 U.S.C. § 523(a)(1)(A).  Section 507(a) specifies the type of claims that are entitled to priority in distribution and the order of the priority.  Section 507(a)(8) provides a list of allowed unsecured claims of governmental units that are eighth in priority, including:

> (E)  an excise tax on—
>
> (i)  a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition; or
>
> (ii)  if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition[.]

11 U.S.C. § 507(a)(8)(E).

### 1.    Corporate officer liability.

Debtor does not dispute that WSI's claim relates to an excise tax.  Indeed, in North Dakota Workers Compensation Bureau v. Voightman (In re Voightman), 239 B.R. 380, 381 (B.A.P. 8th Cir. 1999), the Bankruptcy Appellate Panel held that a debtor's unpaid workers' compensation premiums are entitled to priority under section 507(a)(8)(E) as excise taxes and are, therefore, nondischargeable under section 523(a)(1)(A)).

Notwithstanding the holding in In re Voightman, Debtor argues that "the fact that Hoberg is only derivatively liable for this tax precludes application of 11 U.S.C. § 507(a)(8)(E) as a matter of law."  Doc. 19.

4

Under North Dakota law, each employer is required to pay into the workers' compensation fund annually the amount of premiums determined and fixed by Workforce Safety and Insurance.  N.D.C.C. § 65-04-04.  In addition, North Dakota law imposes personal liability on corporate officers for the corporation's failure to file premium reports or make premium payments when they are due:

> (1) An officer or director of a corporation, or manager or governor of a limited liability company, or partner of a limited liability partnership, or employee of a corporation or limited liability company having twenty percent stock ownership who has control of or supervision over the filing of and responsibility for filing premium reports or making payment of premiums or reimbursements under this title and who fails to file the reports or to make payments as required, is personally liable for premiums under this chapter and reimbursement under section 65-05-07.2, including interest, penalties, and costs if the corporation or limited liability company does not pay to the organization those amounts for which the corporation or limited liability company is liable.

N.D.C.C. § 65-04.26.1.

Debtor claims that a "debtor that is not principally (i.e. — not the taxpayer) but only derivatively liable for excise taxes may discharge such liability in bankruptcy."  Doc. 19.  He cites no authority for this proposition.

The Sixth Circuit Court of Appeals recently rejected a similar argument.  In <u>Rizzo v. Michigan</u>, 741 B.R. 703, 704 (6th Cir. 2014), the debtor argued that because he had only derivative personal liability for the unpaid tax because of his role as a corporate officer, his debt was not excepted from discharge under section 507(a)(8)(E).  <u>Rizzo</u>, 741 B.R. at 704.  The court disagreed, emphasizing that "section 507(a)(8)(E)'s reference to 'excise tax' denotes only the nature of the assessment, not who is ultimately required to pay the assessed funds."  <u>Id.</u> at 706.  It continued:

> [S]ections 523(a)(1)(A) and 507(a)(8)(E) permit a state to pursue "unsecured claims" for excise tax deficiencies without limiting recovery of the debt to primarily liable parties.  The statutes do not preclude a state from seeking post-discharge

5

payment on an excise tax deficiency from a party that was not initially subject to the excise.

Id. at 707.

Similarly, in Quiroz v. Michigan, 472 B.R. 434 (E.D. Mich. 2012) the debtor was the sole owner and a corporate officer with the responsibility for the tax filings and payments of the corporation. Quiroz, 472 B.R. at 435. Like North Dakota law, Michigan law renders certain business officers personally liable for a business's failure to file tax returns or pay taxes. Id. at 442. The debtor argued that the derivative nature of his liability under Michigan law rendered the debt dischargeable. Id. The court disagreed, concluding, "No words in [section 507(a)(8)(E)] require any interpretation, and thus this Court is not at liberty to read into the statute a provision that nondischargeability only applies where the debtor is principally liable for the debt." Id.

The court in Quiroz relied on In re Mueller, 243 B.R. 345 (Bankr. W.D. Wis. 1999). In In re Mueller, the debtor asserted that sections 507(a)(8) and 523(a) only apply to render nondischargeable unpaid tax debts owed by a person or entity originally liable for the debt as opposed to persons deemed liable secondarily by operation of a statute. 243 B.R. at 350. The court rejected the debtor's argument for three reasons: (1) absence of authority to support the debtor's position; (2) absence of language in the statute to support his position; and (3) inconsistency with the principle of United States v. Sotelo, 436 U.S. 268, 275 (1978), that "personal liability for taxes is liability for a tax." Id.

This Court rejects Debtor's arguments for many of the reasons articulated by the courts above. First, Debtor cites no authority for his position. Further, he does not acknowledge the contrary authority discussed above, which this Court finds

6

persuasive. Next, the language of section 507(a)(8)(E) is not ambiguous, and it does not carve out any exception from its applicability. Quiroz, 472 B.R. at 442. Lastly, like in Quiroz, "[Debtor] has not offered, and the Court cannot discern, a reason why Congress would insist that corporate officers be subject to permanent liability for unpaid withholding taxes but escape liability through discharge for other equally significant taxes of their business entities." Id. at 443.

For these reasons, WSI's claim against Debtor is not discharged in his Chapter 7 bankruptcy case.

### 2.     Age of the debt.

Debtor next argues that the majority of WSI's claim is dischargeable because it was more than three years old as of the date Debtor filed his bankruptcy petition.

Section 507(a)(8)(E)(ii) limits its applicability to an excise tax on a transaction occurring during the three years immediately preceding the date of the filing of the petition if a return is not required. Accordingly, if Debtor incurred the debt to WSI prior to September 30, 2010, three years immediately preceding the date of the bankruptcy petition, it is discharged.

Despite Debtor's argument, he fails to identify any transaction occurring more than three years preceding the date of his bankruptcy, September 30, 2013. The underlying debt relates to policy periods from October 1, 2010, through September 30, 2013. WSI issued its notice of personal responsibility to Debtor on March 16, 2011. The payment agreement and consent judgment referenced by Debtor fell within this time period. None of these transactions occurred more than three years immediately preceding Debtor's bankruptcy. Accordingly, none of the debt is discharged on this

7

basis.

### 3. Sum of WSI's claim.

Debtor also argues that Earth Harvest Mills paid all but $6,164.49 of the debt to WSI. Accordingly, he asserts that this is the only amount for which he is liable to WSI if the debt is not dischargeable.

Although the Court has jurisdiction and authority to determine both the dischargeability of the debt and the amount of the claim that is not discharged, Debtor did not seek a determination regarding the sum of the claim in his Complaint. His prayer for relief seeks only a determination regarding the dischargeability of the debt. Nevertheless, the Court recognizes that Debtor includes this issue in argument. Therefore, the Court will postpone entry of judgment in this adversary proceeding for 30 days to allow Debtor an opportunity to move to amend his Complaint to add a cause of action disputing the sum of the nondischargeable claim. If Debtor does not file such a motion within 30 days, the Court will enter judgment in favor of WSI and close this adversary proceeding.

### III. CONCLUSION

For the reasons stated, the debt owed by Debtor to WSI is a nondischargeable excise tax under 11 U.S.C. § 523(a)(1). Debtor/Plaintiff Grayson Lee Hoberg's Motion for Summary Judgment is DENIED. Defendant State of North Dakota's Motion for Summary Judgment is GRANTED.

The Court has considered all other arguments and deems them to be without merit.

SO ORDERED.

Dated this July 22, 2015.

*Shon Hastings*

SHON HASTINGS, JUDGE
U.S. BANKRUPTCY COURT