UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: | Bankruptcy No. 13-30640 |
| Grayson Lee Hoberg, | Chapter 7 |
| Debtor. | |
| Grayson Lee Hoberg, | |
| Plaintiff, | |
| vs. | Adversary No. 14-07016 |
| State of North Dakota, by and through North Dakota Work Force Safety and Insurance, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

Debtor/Plaintiff Grayson Lee Hoberg brought this adversary proceeding by Complaint filed on September 30, 2014. Debtor seeks a determination that a debt to Defendant State of North Dakota, by and through North Dakota Work Force Safety and Insurance (WSI), was discharged in Debtor's Chapter 7 bankruptcy case. Defendant filed an Answer on October 30, 2014, denying Debtor's allegations and seeking dismissal of the Complaint and a judgment that the debt is nondischargeable.

On May 28, 2015, WSI filed a motion seeking summary judgment in its favor. It alleged the debt owed by Debtor is a nondischargeable tax under 11 U.S.C. § 523(a)(1)(A) as specified in 11 U.S.C. § 507(a)(8)(E). Debtor also filed a motion for summary judgment. He alleged WSI's claim was discharged in his Chapter 7 bankruptcy case because he is not principally liable for the taxes. Debtor asserted that this distinction renders 11 U.S.C. §§ 507(a)(8)(E) and 523(a)(1) inapplicable. Alternatively, he argued that if the debt to WSI is

1

nondischargeable under section 523(a)(1), the majority of the claim was discharged because it predated his bankruptcy filing by more than three years.  The Court denied Debtor's motion and granted WSI's motion, finding that the debt owed by Debtor to WSI is a nondischargeable excise tax under 11 U.S.C. § 523(a)(1).

In its order on the motions for summary judgment, the Court observed that Debtor disputed the sum of WSI's claim in his brief.  Debtor did not seek a determination regarding the sum of the claim in his Complaint; his prayer for relief sought only a determination regarding the dischargeability of the debt.  Nevertheless, the Court postponed entry of judgment in this adversary proceeding for 30 days to allow Debtor an opportunity to move to amend his Complaint to add a cause of action disputing the sum of the nondischargeable claim.  Debtor filed a Motion to Amend his Complaint, which WSI opposed.  After a hearing on the motion, the Court granted the Motion to Amend.  Debtor filed his amended complaint, and WSI answered.  Trial on the sum of WSI's claim took place on December 21, 2015.

**I.     FACTUAL BACKGROUND**

From approximately November 2003 until September 2013, Debtor was the chief executive officer and secretary of Earth Harvest Mills, Inc. which conducted business under the name Dakota Prairie.  In early 2011, Earth Harvest Mills fell behind on its workers' compensation insurance premium payments to WSI.  On March 16, 2011, WSI sent Debtor notice of his personal liability for unpaid workers' compensation insurance premiums, interest and penalties in the sum of $31,855.48. In the notification, WSI claims Debtor is a "liable party pursuant to North Dakota Century Code § 65-04-26.1" because he is an officer of Earth Harvest Mills.  Debtor did not appeal this decision.

As of December 21, 2015, the March 2011 Notice of Decision -- Personal Liability was the only notice WSI issued to Debtor claiming he is personally liable for unpaid

2

insurance premium payments owed by any corporate entities for which he was an officer.

After receiving the Notice of Decision, Debtor contacted WSI and inquired about a payment plan.  In September 2012, the parties finalized their negotiations and reached a payment agreement.  Although the first draft of their agreement included multiple signature blocks for the indebted parties and provided that Debtor, Eric Hoberg and Earth Harvest Mills were indebted to WSI, the agreement ultimately signed by the parties named Earth Harvest Mills as the only party in default and the only party subject to the payment agreement.  Pursuant to WSI's request, Debtor, acting as Secretary of Earth Harvest Mills, also signed a Confession of Judgment.  He did not sign the Confession of Judgment in his personal capacity.  Debtor claimed he negotiated a waiver of his personal liability and that is why the Payment Agreement and Confession of Judgment did not list him as a liable party.

According to the Payment Agreement and Confession of Judgment, the sum Debtor owed WSI as of September 24, 2012 totaled $46,502.00 plus statutory interest.  Debtor understood that the payment agreement and Confession of Judgment covered all outstanding premiums Earth Harvest Mills owed to WSI as of September 24, 2012 (totaling $46,502.00) as well as advance premium charges of $16,000 for the policy period October 1, 2012 to September 30, 2013.  Under the terms of the payment agreement, Earth Harvest Mills agreed to make 16 installment payments of $3,500 each.  If Earth Harvest Mills made all the payments on time, WSI agreed to waive $7,239.56 of accrued interest.[1]  Debtor

---

[1] Apparently, WSI also agreed to waive premium payments because $46,502 plus $16,000 equals $62,502.  Under the agreement, Earth Harvest Mills promised to pay 16 installments of $3,500 each for a total of $56,000.  Neither party addressed the consequences of a breach of the payment agreement.  In other words, it is not clear whether Earth Harvest Mills would have to pay the premium insurance payments waived as well as accrued interest of $7,239.56 or just the accrued interest and any missed installments required by the Payment Agreement.

3

testified that Earth Harvest Mills made all 16 payments, and he assumed that Earth Harvest Mills owed no money to WSI as of September 30, 2013. Sometime after September 30, 2013, Earth Harvest Mills received WSI's request for an additional $6,280.32 for adjusted premiums due October 1, 2012 to September 30, 2013. WSI informed Debtor that the $16,000 negotiated under the terms of the payment agreement for this policy period was merely an estimate.

WSI disputes Debtor's claim that Earth Harvest Mills made 16 payments. According to Candace Schneider, a WSI collection specialist who testified at trial, WSI received only 15 payments of $3,500 each for a total of $52,500.[2]

Debtor testified that Earth Harvest Mills did not receive a notice that the corporation was in default. While refusing to concede that Earth Harvest Mills missed a payment, Debtor testified that, even if the corporation had missed a payment, it would owe WSI no more than $17,019.88, which he calculated as follows:

| | |
|---|---|
| $3,500.00 | Alleged missed payment |
| $6,280.32 | Adjusted premium payments for policy period 10/1/12 to 9/30/13 |
| <u>$7,239.56</u> | Accrued interest that WSI agreed to waive if Earth Harvest Mills made timely payments |
| $17,019.88 | Total |

At trial, Schneider testified that Earth Harvest Mills' outstanding debt to WSI for policy periods ending September 30, 2013, was more than $17,239.56. Schneider agreed that the $46,502 figure in the Payment Agreement and Confession of Judgment reflected the entirety of the premium amounts owed by Earth Harvest Mills for policy periods up to September 30, 2012. She also agreed that Earth Harvest Mills agreed to pay an advance

---

[2] Schneider testified that WSI's practice is to apply the payments it receives to the oldest debt first.

4

premium charge of $16,000 for policy period October 1, 2012 to September 30, 2013. She claimed, however, that the actual premium billed for policy period October 1, 2012 to September 30, 2013 totaled $33,501.42 and suggested there may be other charges for this period as well. On cross examination, she conceded that the only adjustment to the premium for the policy period ending September 30, 2013 was $6,280.32[3] and admitted that she provided no other documents to show additional premium adjustments.

Earth Harvest Mills ceased operations on September 30, 2013. From March 18, 2014 through June 26, 2014, a receiver appointed by one of its lenders operated the business until a foreclosure sale on June 26, 2014. During this time period, the receiver paid WSI $10,333.36.

Debtor claims that this $10,333.36 payment should be deducted from the debt Debtor and Earth Harvest Mills owe to WSI. If Earth Harvest Mills made all 16 payments as Debtor claims, then the debt would be extinguished.[4] If it made only 15 payments, then Earth Harvest Mills and Debtor owe WSI only $6,686.52 ($17,019.88 minus $10,333.36).

Debtor filed a Chapter 7 bankruptcy petition on September 30, 2013, the same day Earth Harvest Mills ceased operations. On Schedule F, Debtor listed the debt to WSI as an unsecured nonpriority claim in the sum of $30,000.00. At trial, Debtor explained that when he prepared his schedules, he tried to list a sum that would cover all potential bases of

---

[3] During argument, WSI's counsel noted that the premium adjustment for policy period October 1, 2012 to September 30, 2013, "did not arise" until after Debtor petitioned for bankruptcy relief and, therefore, WSI did not assess or charge Debtor for these fees. WSI's counsel also emphasized that WSI did not issue a notice of decision for the $6,280.32 premium adjustment, which counsel maintains is necessary "as a matter of law" to hold Debtor liable for this debt.

[4] It appears that Earth Harvest Mills would have overpaid WSI. If Earth Harvest Mills paid 16 installments, it would have paid all the debt contemplated by the Payment Agreement. The $10,333.36 payment to WSI from the receiver exceeds the $6,686.52 adjusted premium for October 2012 to September 2013, resulting in an overpayment of $3,646.84.

WSI's claim. He maintains, however, that his personal liability was paid in full or extinguished when WSI and Earth Harvest Mills executed the Payment Agreement and Confession of Judgment. In the alternative, Debtor maintains that he is personally liable for not more than $6,686.52.

WSI maintains that the Payment Agreement and Confession of Judgment did not waive or release Debtor from personal liability to pay the $31,885.48 plus penalties and interest assessed against Debtor in the March 16, 2011, Notice of Decision. It is this sum (less payments made by Earth Harvest Mills[5]), that WSI claims is nondischargeable.[6] WSI offered no evidence of penalties assessed against Debtor. At the time of trial, WSI had not calculated interest owing on the debt assessed against Debtor and agreed to calculate interest and file a one-page brief summarizing this information.

After WSI articulated this position at trial, Debtor expressed concern that WSI may later seek to impose personal liability on Debtor for debt arising after the March 16, 2011 Notice of Decision and before the date of petition (September 30, 2013). Debtor argues that all of Debtor's prepetition liability should be determined in this proceeding and that any future effort to assess Debtor for personal liability for 2011 to September 2013 policy periods would violate the discharge injunction. In response to this concern, WSI agreed that the purpose of this trial was to determine the <u>total</u> prepetition debt owed by Debtor to

---

[5] In argument, WSI specifically stated: "If Earth Harvest Mills made payments for old debt for which Mr. Hoberg is responsible, yes, that would eliminate that portion proportionally that Mr. Hoberg would responsible for. You can only have one satisfaction, so to speak."

[6] WSI agreed with the following summary of WSI's position outlined by the Court at the end of argument:
> "Debtor may only be liable for $31,885.48 plus interest which [WSI] is going to calculate for me minus the payments that the corporation made of not less than $52,500 and then I have to decide—if there is any difference left—whether the $10,333.33 payment that the receiver made would apply to that as well."

6

WSI.

WSI filed a one-page post-trial letter summarizing its interest calculations. According to WSI, Debtor owes:

$30,246.89  Principal contemplated in the Notice of Decision

$ 1,638.49  Interest contemplated in the Notice of Decision

<u>$18,148.20</u>  Additional interest due and owing by Debtor

$50,033.58  Total principal and interest

## II.    ANALYSIS

The issue before the Court is: What is the total sum of the debt to WSI excepted from discharge under 11 U.S.C. 523(a)(1)(A)?

Debtor argues his personal liability to WSI was extinguished when WSI and Earth Harvest Mills executed the Payment Agreement and Confession of Judgment that did not include him as a liable party. Debtor asserts that the sum due and owing under the March 2011 Notice of Decision advising Debtor of his personal liability was subsumed in the Payment Agreement and Confession of Judgment he negotiated and executed on behalf of Earth Harvest Mills in September 2012.

The Court is not persuaded. Neither the payment agreement nor the Confession of Judgment include language releasing Debtor of personal responsibility for corporate debt assessed pursuant to N.D.C.C. § 65-04-26.1. WSI denied releasing him from personal liability, and he offered no documents showing such a release. The only evidence offered in support of this argument was Debtor's testimony that WSI agreed to remove his name and signature from the settlement agreement and Confession of Judgment during payment agreement negotiations. This testimony, without more, is not sufficient to show that WSI waived its claim against Debtor.

7

Next, Debtor claims that Earth Harvest Mills made all 16 payments under the terms of the payment agreement, satisfying both the corporate debt and his personal liability to WSI. WSI concedes that Debtor received credit toward his outstanding debt for every payment Earth Harvest Mills made to WSI. According to its standard practice, oldest debts are paid first. Consequently, Debtor is entitled to credit for all payments Earth Harvest Mills made any time after the Notice of Decision was issued.

WSI disputes that Earth Harvest Mills made 16 payments as required by the terms of the payment agreement, claiming the corporation made only 15 payments. The Court need not decide which party offered the most credible testimony because 15 payments of $3,500 each for a total of $52,500 is sufficient to satisfy Debtor's debt to WSI.

At trial, WSI conceded that it is seeking to collect only $31,885.48 plus interest to the date of petition from Debtor.[7] This figure is based on WSI's March 16, 2011, decision imposing personal liability on Debtor for certain premiums, assessments, penalties and interest owed by Earth Harvest Mills. WSI offered no evidence of penalties assessed against Debtor, but calculated that Debtor owes $18,148.20 in additional interest. Consequently, the total debt to WSI is $31,885.38 plus $18,148.20 for a total of $50,033.58. Both parties agree, and the evidence shows, that Earth Harvest Mills paid not

---

[7] WSI counsel's statements that Debtor is personally liable for only those sums assessed in the Notice of Decision is a judicial admission. See E. States Life Ins. Co. v. Crawford (In re Crawford), 274 B.R. 798 (B.A.P. 8th Cir. 2002) (finding that counsel's statement that a security interest was not perfected was a judicial admission); see also Postscript Enters. v. City of Bridgeton, 905 F.2d 223, 227–28 (8th Cir.1990) (finding statements made by counsel in a brief and orally regarding the effect of a permit ordinance were judicial admissions negating the need to consider due process arguments concerning the permit process); Carson v. Pierce, 726 F.2d 411 (8th Cir.1984) (ruling that counsel's statement at oral argument was a judicial admission mooting their claim). In reaching this conclusion, the Court is not relying on WSI's claim that, as a matter of law, Debtor maybe held personally liable for corporate debt only if WSI issues a notice of decision. Rather, the Court is relying on counsel's statements that Debtor is obligated to pay WSI not more than $31,885.48 plus interest.

less than $52,500 to WSI between September 24, 2012 and September 30, 2013. Accordingly, the Court finds that Debtor's debt to WSI is satisfied. The sum of Debtor's debt to WSI excepted from discharge under section 523(a)(1)(A) is $0.00.

The Court has considered all other arguments and deems them to be without merit.

### III.    CONCLUSION

For the reasons stated, the sum of the Debtor's debt to WSI that is excepted from discharge under section 523(a)(1)(A) is $0.00.

Dated this February 17, 2016.

*/s/ Shon Hastings*

SHON HASTINGS, JUDGE
U.S. BANKRUPTCY COURT

9